SUPERIOR PAINT MANUFACTURING CO., INC., demandante y recurrida, *v.* UNITED STATES FIRE INSURANCE COMPANY ET AL., demandadas y recurrente la primera.

*Número:* R-70-318     *Resuelto:* 11 de febrero de 1972

*Agraít Oliveras & Otero,* abogados de la recurrente; *Segurola & Montalvo,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La demandante suplió pinturas a un subcontratista de una obra pública. El subcontratista no satisfizo el importe de

las pinturas suplidas. La suplidora demandó en cobro del importe adeudado a la compañía fiadora del subcontratista. La obra fue aceptada el 30 de enero de 1964. La demanda se radicó el 24 de noviembre de ese mismo año. La compañía fiadora sostiene que la acción ejercitada había caducado por haber sido radicada transcurridos seis meses de aceptada la obra. El tribunal sentenciador adjudicó la controversia sosteniendo la posición de la demandante al resolver que el término de seis meses establecido en la Ley Núm. 388 de 9 de mayo de 1951, (1) 22 L.P.R.A. secs. 47 *et seq.*, se aplica "solo a la fianza que presta el contratista a favor del dueño de la obra pública, en cuanto al pago de los suplidores de materiales y mano de obra de dicho proyecto, pero son inaplicables a aquellas fianzas que prestan voluntariamente *los subcontratistas* a favor de los contratistas, en las que garantizan los pagos a los suplidores de materiales de los subcontratos." (Énfasis en el original.)

Es correcta esa determinación. La ley no exige que el subcontratista de una obra pública preste fianza alguna a favor del contratista principal. Los obreros y materialistas están garantizados por la finaza que la ley exige al contratista. La fianza fue prestada por el subcontratista para garantizar a los obreros y materialistas de su subcontrato. En esta situación las relaciones entre los suplidores de materiales y el subcontratista están reguladas por el contrato de fianza. *Socony-Vacuum Oil Co.* v. *Continental Casualty Co.*, 219 F.2d 645 (2d Cir. 1955). La fianza prestada establece que la obligación asumida por la fiadora cesará si el principal

---

(1) Dispone el Art. 9 de la Ley Núm. 388 de 9 de mayo de 1951, en su parte pertinente:

"La causa de acción autorizada . . . contra la fianza y los fiadores del contratista se entenderá prescrita a los seis meses de aceptada finalmente la obra por el Estado Libre Asociado de Puerto Rico. . . ."

En *Jiménez y Salellas, Inc.* v. *Maryland Cas. Co.*, 92 D.P.R. 207 (1965) resolvimos que aunque la ley usaba la palabra "prescrita", el término establecido era de caducidad.

—que es el subcontratista—verifica prontamente los pagos a todas las personas que pongan su trabajo o suministren materiales en la ejecución de la parte de la obra por él contratada. Dispone además que la demanda deberá radicarse dentro de un año desde la fecha en que el subcontratista terminó su trabajo. ([2])

La Corte de Apelaciones para el Segundo Circuito en el caso de *Socony-Vacuum Oil Co.* v. *Continental Casualty Co.*, supra, tuvo ante su consideración una cuestión igual a la del presente caso. Al resolverla expresó: "La situación en forma alguna es afectada por el hecho de que la parte demandante falló en ejercitar sus derechos bajo la Ley Miller en contra del contratista principal y su aseguradora. La fianza que ahora se trata de ejecutar no era requerida por esa Ley y los derechos a que la misma da base no están restringidos por dicha ley o condicionados a la búsqueda oportuna de remedios bajo dicha Ley. Los derechos bajo las disposiciones de esta fianza deben determinarse al amparo de su lenguaje, interpretado a la fecha en que ésta fue otorgada." Ver además *United States* v. *Algernon Blair, Inc.*, 329 F.Supp. 1360 (D.C.S.C. 1971).

Ya hemos visto lo que dispone el contrato de fianza, que la obligación cesará cuando se satisfagan las acreencias de los suplidores de materiales y que la acción debe ejercitarse

---

([2]) Lee así la fianza en la parte pertinente:

"NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1.    .    .    .    .    .    .    .    .
2.    .    .    .    .    .    .    .    .
3. No suit or action shall be commenced hereunder by any claimant.
    a) .    .    .    .    .    .    .    .
    b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract. . . ."

dentro del año a partir de la fecha en que el subcontratista termine su trabajo. No siendo la fianza prestada por el subcontratista requerida por ley, los derechos que ella concede no están limitados por el término prescriptivo de la Ley Núm. 388 de 9 de mayo de 1951. (³)

*Se confirmará la sentencia recurrida.*

El Juez Presidente, Señor Negrón Fernández no intervino al igual que el Juez Asociado Señor Martínez Muñoz.

---

(³) Es conveniente apuntar que la disposición del estatuto que establece el término para ejercitar la acción dispone que "[1] a causa de acción autorizada . . . contra la fianza y los fiadores del *contratista* se entenderá prescrita a los seis meses de aceptada finalmente la obra por el Estado Libre Asociado de Puerto Rico" y al definir el término "contratista" no se incluye "subcontratista". De hecho hay una definición aparte para el término "subcontratista".